18-243-cv
*Calverton Hills Homeowners Ass'n. v. Cty. of Suffolk*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand eighteen.

PRESENT: JOSÉ A. CABRANES,
ROBERT D. SACK,
BARRINGTON D. PARKER,
*Circuit Judges.*

———————————————————————————————

CALVERTON HILLS HOMEOWNERS ASSOCIATION, INC.,
NEUER INC.,

          *Plaintiffs-Appellants,*               18-243-cv

        v.

COUNTY OF SUFFOLK, SUFFOLK COUNTY
DEPARTMENT OF HEALTH SERVICES, SUFFOLK
COUNTY SEWER AGENCY, SUFFOLK COUNTY
DEPARTMENT OF PUBLIC WORKS, DIVISION OF
ENVIRONMENTAL QUALITY, OFFICE OF WASTE
WATER MANAGEMENT, SEWER DEPARTMENT OF
ENVIRONMENTAL CONTROL,

1

*Defendants-Appellees*,

NUGENT BUILDING CORPORATION,

*Defendant.*

FOR PLAINTIFFS-APPELLANTS:          FREDERICK P. STERN, Nesconset, NY.

FOR DEFENDANTS-APPELLEES:         LEONARD KAPSALIS (Dana Kobos, Assistant County Attorney, *on the brief*), *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 29, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Calverton Hills Homeowners Association, Inc. and Neuer, Corp. (jointly, the "Association") appeal from a judgment of the District Court dismissing their federal claims and declining to exercise supplemental jurisdiction over their state law claims. On June 30, 2017, the Association commenced this action against Defendants-Appellees County of Suffolk (the "County"), the Suffolk County Department of Health Services ("DHS"), the Suffolk County Sewer Agency, the Suffolk County Department of Public Works, Division of Environmental Quality, Office of Waste Water Management, and the Sewer Department of Environmental Control (jointly, the "County Defendants"), asserting claims under 42 U.S.C. § 1983 and New York State law. The County Defendants moved to dismiss, arguing, among other things, that the District Court lacked subject matter jurisdiction over the Association's federal claims. On December 26, 2017, the District Court granted the County Defendants' motion, concluding in relevant part that the Association's federal claims are not ripe. *Calverton Hills Homeowners Ass'n, Inc. v. Nugent Bldg. Corp.*, No. 217CV03916ADSGRB, 2017 WL 6598520, at *8-*12 (E.D.N.Y. Dec. 26, 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

At bottom, this case involves a dispute regarding whether the Association or the County is responsible for the operation and maintenance of a sewage treatment plant. In 1973, Defendant

2

Nugent Building Corp. ("Nugent") sought to develop approximately two hundred townhouses on property it owned in Brookhaven, New York. To secure the necessary approvals for its development plan, Nugent entered into an agreement (the "1973 Agreement") with, as relevant here, the County and the Suffolk County Sewer Agency, in which Nugent "offered to construct . . . necessary sewage disposal facilities and [a] sewage treatment plant" to service the development. J.A. 35. The agreement contemplates that, after completing the sewage treatment plan, Nugent would convey title thereto to the Suffolk County Sewer Agency "or its nominee." J.A. 40. The parties dispute whether a formal transfer of title ever occurred. But they agree that, in 1987, title to the common elements of Nugent's property, including the sewage treatment plant, reverted to the County, and that, in 1990, the County transferred title to the common elements to the Association by unrecorded deed. Notwithstanding the alleged lack of clarity with respect to the title, the Association has operated the sewage treatment plant since 1973.

In 2007, DHS informed the Association that the plant did not comply with several sections of the Suffolk County Sanitary Code (the "Sanitary Code") and began enforcement proceedings. The Association did not contest its responsibility for the plant or DHS's findings. Instead, it entered into a consent order with DHS, agreeing to undertake various measures to bring the plant into compliance. In March 2016, DHS informed the Association that its failure to follow through with certain aspects of the consent order entitled DHS to impose penalties of up to $293,500, but that DHS was willing to reduce the penalty to $2,000. The Association then commenced this action, contending, apparently for the first time, that the County bears responsibility for the sewage treatment plant. While the case was pending, DHS notified the Association of additional Sanitary Code violations at the sewage treatment plant and directed it to appear at a hearing concerning those violations. It is not clear what transpired.

On appeal, the Association's principal argument is that the District Court erred by analyzing whether its federal claims are ripe under the framework established by the Supreme Court for land use cases in *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). This is so, the Association suggests, because "[n]othing about this case involves 'land use.'" Pls.' Br. at 11. We disagree. Though this might not be a typical land use case—in the sense that the Association is not proceeding against the Town of Brookhaven or its zoning officials—it is a land use case nonetheless. The 1973 Agreement, on which the Association relies, makes clear that Nugent was required to receive DHS approval of its proposed development plan, and that construction of the sewage treatment plant was the key to receiving that approval. Article 6 of the Sanitary Code, which concerns realty subdivisions, developments, and other construction projects, shows that DHS plays a key role in local land use decisions. *See* Sanitary Code § 760-602(A) (requiring DHS approval for "existing or proposed water supply and sewage disposal facilities" prior to commencement of any construction project). And, as the Association emphasizes, the resolution of the parties' dispute might have a significant effect on the manner in which the Association and its members can use their land. These circumstances present the same concerns that animated the Supreme Court's

3

decision in *Williamson*. *See* 473 U.S. at 191 (addressing difficulty of adjudicating land use matters "until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question"); *id.* at 195 (noting that there is no "constitutional injury" unless the plaintiff has been deprived of just compensation).

Having concluded that the District Court did not err in applying the *Williamson* framework, we have no trouble agreeing with its analysis. In addition to the reasons given by the District Court in its thorough opinion, we note that Article 7 of the Sanitary Code specifically provides a mechanism for "seek[ing] a variance or waiver from the strict application of the letter of the requirements of this Article," namely, an appeal to the DHS Board of Review. Sanitary Code § 760-715. The record here contains no indication that the Association availed itself of this procedure, either in 2007, when DHS first began enforcement proceedings, or at any time thereafter. Moreover, the Association appears never to have raised the issue of responsibility for the sewage treatment plant with the County or any of the County Defendants in any administrative proceeding or other formal channel. This provides additional support for the District Court's conclusion that the Association has failed to satisfy *Williamson*'s "final decision" prong. *See* 473 U.S. at 190 (claim not ripe where plaintiff "refus[ed] to follow the procedures for requesting a variance").

## CONCLUSION

We have reviewed all of the arguments raised by the Association on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 29, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4